IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENIN ROSALI LEZAMA-HERNANDEZ,

      Petitioner,

v.             CIVIL ACTION NO. 2:26-cv-00148

CHRISTOPHER MASON, et al.,

      Respondents.

**ORDER**

Pending before the court is Petitioner Kenin Rosali Lezama-Hernandez's Verified Petition for Writ of Habeas Corpus. [ECF No. 1]. For the reasons discussed below, the Petition is **GRANTED**.

**I. BACKGROUND**

Petitioner is a 19-year-old citizen and national of Honduras who is present in the United States as a noncitizen. [ECF No. 1, ¶ 15]. He entered the United States in 2023 as a 16-year-old unaccompanied minor, and currently lives in Charleston, West Virginia. *Id.* On February 16, 2026, Petitioner was arrested and detained by officers believed to the West Virginia State Police after "being followed by law enforcement officers from (an) unknown agency or agencies out of the parking lot of a Latino store." *Id.* ¶ 15. Since his arrest, Petitioner has remained detained and is currently confined at South Central Regional Jail ("SCRJ") in Charleston, West Virginia. *Id.* ¶ 8.

On February 19, 2026, Petitioner filed a Petition[1] for Writ of Habeas Corpus pursuant to

---

[1] The Petition originally contained seven total named Petitioners, but on February 24, 2026, the court severed the

28 U.S.C. § 2241. *Id.* ¶ 1. Petitioner seeks "immediate release from immigration detention, or in the alternative, an order directing Respondents to provide him with a constitutionally adequate custody hearing before a neutral decisionmaker with authority to assess the necessity of detention and to order release on appropriate conditions." *Id.* ¶ 2. Petitioner's confinement is "civil and administrative in nature" and is "not based on any criminal conviction or charge." *Id.* ¶ 21. To date, Petitioner has not had an administrative judge or neutral decisionmaker determine that his continued detention is justified based on an individual assessment. *Id.* ¶ 22. Petitioner contends that his ongoing confinement violates multiple constitutional, statutory, and regulatory protections, including the Fifth Amendment's Due Process and Equal Protection Clauses, the Immigration and Nationality Act ("INA") and its implementing regulations, the Administrative Procedure Act ("APA"), and the Suspension Clause of the United States Constitution. *Id.* ¶¶ 34–66.

On February 20, 2026, this court stayed the removal of Petitioner from this district and ordered the Government to respond and explain with the Petition should not be granted. [ECF No. 11]. The court further ordered that counsel notify the court "whether the case raises materially distinct factual circumstances or legal arguments from the other cases this court has already considered and whether a hearing is requested or waived." *Id.*

In its response, the Government stated that it had "carefully reviewed the pending petition and determined that the same or substantially similar issues arise in the case at bar." [ECF No. 16-1, at 2]. The Government further confirmed that it would not offer evidence beyond the documents attached to its response, nor would it offer any witnesses. *Id.* Therefore, the Government stated it would rely "upon the legal arguments presented below, together with the exhibits attached to this

---

Petition into separate and distinct actions for each Petitioner. [ECF No. 15]. The Petition identifies Christopher Mason, Superintendent of South Central Regional Jail, as a respondent, as well as Michael Rose, Acting Field Office Director of the Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, the United States Attorney General (collectively, the "Government"). [ECF No. 1].

response," and the matter could be decided without a hearing. *Id.* at 3.

Petitioner and the Government filed a Joint Stipulation that "the parties hereby rely upon the legal arguments presented in their briefs, together with any exhibits attached to their respective filings, and represent the parties believe that this matter can be decided without a hearing, unless additional evidence is required for the matter to be resolved." [ECF No. 17, at 1]. Accordingly, the court finds that a hearing is not necessary in this case.

## II. LEGAL STANDARD

"[H]abeas corpus is a broad, independent writ designed to address challenges to any illegal custody," *Wall v. Kiser*, 21 F.4th 266, 273 (4th Cir. 2021), including those "by executive direction," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "heart of habeas corpus" is the challenge to a petitioner's confinement (or the duration of his confinement), where he seeks "immediate release or a speedier release from that confinement." *Preiser*, 411 U.S. at 498. The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Accordingly, noncitizens may invoke habeas in immigration-related matters where no other statutory mechanism for review is provided. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Indeed, challenges to present immigration confinement "fall within the 'core' of the writ of habeas corpus." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022))

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." *Id.* §§ 2241(a), (c). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The

petitioner bears the burden of proving that he is being held contrary to law by a preponderance of the evidence. *Walker v. Johnston*, 312 U.S. 275, 286 (1941) ("On a hearing, [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence."); *Parke v. Raley*, 506 U.S. 20, 31 (1992); *Sumner v. Mata*, 449 U.S. 539, 551 (1981).

### III.    FIFTH AMENDMENT DUE PROCESS RIGHTS

For reasons more fully explained below, the analysis here is brief. The court agrees with the Government that this case raises the same or substantially similar issues as previous ones, and their outcomes apply forcefully to this case as well. Further, because the Government presents only legal arguments and does not challenge the factual allegations of the Verified Petition,[2] the court will only address the Government's repeatedly rejected legal arguments.

For the reasons explained and analyzed in previous cases before this court and this district, I will once again **FIND**: First, the court has jurisdiction. Petitioner does not challenge an immigration proceeding or decision that would bar this court's jurisdiction. Second, Petitioner is not "seeking admission" into the country, and the discretionary detention of 8 U.S.C. § 1226 applies to him. Third, Petitioner's due process rights have been violated. Despite facing no criminal charge, Petitioner sits in the local jail, even though he was freely admitted into the United States in 2023 when he was a minor. [ECF No. 16-2] (Government's Exhibit A, a United States Department of Homeland Security Record of Deportable/Inadmissible Alien form). And although he was given a Notice to Appear in immigration court in 2023, the Notice had no future court date. [ECF No. 16-3, at 2] (Government's Exhibit B, another DHS form for the 2026 encounter with Petitioner). There is no evidence in the record that Petitioner is a danger to the community or a flight risk, and there is sufficient evidence that he has community ties. Still, he has been afforded

---

[2] According to Rule 5 of the Rule Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts, when required to answer the petition, "[t]he answer must address the allegations in the petition."

no hearing, with one scheduled states away more than two weeks after his initial detention. [ECF No. 16-4] (Government's Exhibit C, a 2026 Notice to Appear). This violates his due process rights.

Immediate release is the only appropriate remedy. Where detention has been found unlawful and no constitutionally adequate bond hearing has been provided, continued custody cannot stand.

Accordingly, for the reasons set forth here and in the court's previous cases, the Government's Motion to Dismiss, **[ECF No. 16-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**.

## IV.  NOTICE OF CONTINUOUS VIOLATIONS

This case is one of 17 immigration habeas petitions assigned to the court this week.[3] According to the Government, the detention of these Petitioners is "mandatory" under 8 U.S.C. § 1225, and regardless of the constitutional defects, the federal district courts lack jurisdiction over these claims—an argument unanimously rejected in this district. In 15 of the cases, Petitioners challenge their continued unlawful detention resulting from an arrest occurring on or after **February 12, 2026.**

How can that be? On **February 4 and February 5, 2026**, Judge Johnston held that (1) the federal district court has jurisdiction over alleged constitutional violations in habeas petitions and

---

[3] *Dominguez Izaguirre v. Mason*, No. 2:26-cv-00121 (S.D. W. Va. Feb. 19, 2026); *Lezama-Hernandez v. Mason*, No. 2:26-cv-00148 (S.D. W. Va. Feb. 19, 2026); *Cortez Zelaya v. Mason*, No. 2:26-cv-00149 (S.D. W. Va. Feb. 19, 2026); *Escalante Carrillo v. Mason*, No. 2:26-cv-00150 (S.D. W. Va. Feb. 19, 2026); *Sanchez v. Mason*, No. 2:26-cv-00151 (S.D. W. Va. Feb. 19, 2026); *Bautista-Ramos v. Mason*, No. 2:26-cv-00152 (S.D. W. Va. Feb. 19, 2026); *Munoz Martinez v. Mason*, No. 2:26-cv-00153 (S.D. W. Va. Feb. 19, 2026); *Cruz-Choc v. Mason*, No. 2:26-cv-00136 (S.D. W. Va. Feb. 24, 2026); *Gomez-Dominguez v. Mason*, No. 2:26-cv-00139 (S.D. W. Va. Feb. 24, 2026); *Hernandez-Amaro v. Mason*, No. 2:26-cv-00140 (S.D. W. Va. Feb. 24, 2026); *Gaillen-Barrera v. Mason*, No. 2:26-cv-00141 (S.D. W. Va. Feb. 24, 2026); *Mendez-Gunero v. Mason*, No. 2:26-cv-00142 (S.D. W. Va. Feb. 24, 2026); *Navarro-Corona v. Mason*, No. 2:26-cv-00143 (S.D. W. Va. Feb. 24, 2026); *Pena-Garcia v. Mason*, No. 2:26-cv-00144 (S.D. W. Va. Feb. 24, 2026); *Rivera-Rojas v. Mason*, No. 2:26-cv-00145 (S.D. W. Va. Feb. 24, 2026); *Torres-Escobar v. Mason*, No. 2:26-cv-00146 (S.D. W. Va. Feb. 24, 2026); *Tzuc-Tzep v. Mason*, No. 2:26-cv-00147 (S.D. W. Va. Feb. 24, 2026).

(2) the Government's interpretation of the immigration code was wrong.[4] On **February 5, 2026**, Judge Chambers agreed, found that the court had jurisdiction, interpreted the immigration code similarly, and released the petitioners before him.[5] On **February 9, 2026**, this court, holding that it properly had jurisdiction over petitioners' habeas challenge, carefully and thoroughly used statutory construction to hold that petitioners were subject to discretionary detention and that the Government was—once again—wrong.[6] And on **February 11, 2026**, Judge Berger, conducting her own analysis of the immigration code, held that she had jurisdiction and that the Government's position on mandatory detention was contrary to established law.[7]

But on February 12, 14, 17, 18, 21, and 22, 2026, the Government arrested noncitizens already in the interior of the United States. Today, the Government continues to wrongfully detain those petitioners without due process. Even now the Government incredulously asserts that the federal district courts do not have jurisdiction, that petitioners cannot raise due process violations, and that the Government has authority to mandatorily and indefinitely detain noncitizens in the local jail.

---

[4] *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.).

[5] *Simanca Gonzalez v. Aldridge*, No. 3:26-cv-00055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.).

[6] *Aroca v. Mason*, No. 2:26-cv-00057, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.).

[7] *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J.).

The Government is wrong. Judges in this district have said that over[8] and over[9] and over[10] again. I have said it myself.[11]

That is why at a February 19, 2026 show cause hearing in a different immigration case, I

---

[8] *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) (The "Court has already thoroughly addressed all of these issues and rejected the Government's positions."); *Umana Villatoro v. Warden*, No. 2:26-cv-00078, [ECF No. 14] (S.D. W. Va. Feb. 13, 2026) (adopting in its entirety the court's previous opinion and the opinions of other judges in the district); *Serna Zareta v. Mason*, No. 2:26-cv-00069, [ECF No. 36] (S.D. W. Va. Feb 13, 2026) (same).

[9] *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *2 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) (The "vast majority" of the 3,000 decisions "issued since August 1, 2025" have "rejected the [Government's] position."); *Roshniashhvili v. Allen*, No. 2:26-cv-00093, 2026 WL 446657, at *1 (S.D. W. Va. Feb. 17, 2026) (Berger, J.) ("The United States government has again violated the United States Constitution by arresting and detaining a person without due process and without statutory authority"); *Ramirez-Serrano v. Mason*, No. 2:26-cv-00111, 2026 WL 483606, at *1 (S.D. W. Va. Feb. 20, 2026) (Berger, J.) (adopting the analysis of the court's previous cases as the Government "concede[s] that this case does not present factual or legal issues that would support a different outcome than the Court's prior rulings"); *Barcarcel Perez v. Mason*, No. 2:26-cv-00108, 2026 WL 508816, at *1 (S.D. W. Va. Feb. 20, 2026) (Berger, J.) (same); *Rodriguez v. Mason*, No. 2:26-cv-00122, 2026 WL 510426, at *1 n.2 (S.D. W. Va. Feb. 24, 2026) (Berger, J.) (adopting the rulings in previous cases that "were consistent with the opinions of the three other judges in this district to consider these issues, as well as the vast majority of judges nationally").

[10] *Simanca Gonzalez v. Aldridge*, No. 3:26-cv-00055, 2026 WL 313476, at *5 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.) (Petitioner's interpretation of the immigration code, which the court agreed with, "is consistent with the overwhelming majority of district court decisions."); *Uulu v. Aldridge*, No. 3:26-cv-00073, 2026 WL 401200, at *3 (S.D. W. Va. Feb. 12, 2026) (Chambers, J.) ("This interpretation is consistent with the overwhelming majority of district court decisions rendering similar mandatory, unreviewed detentions of resident noncitizens without criminal records to be within the purview of 8 U.S.C. § 1226(a)."); *Reyes v. Aldridge*, No. 2:26-cv-00084, 2026 WL 413210, at *2 n.4 (S.D. W. Va. Feb. 13, 2026) (Chambers, J.) ("The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here."); *Noa Jipa v. Aldridge,* No. 3:26-cv-00086, 2026 WL 413421, at *2 n.4 (S.D. W. Va. Feb. 13, 2026) (Chambers, J.) (same); *Flores v. Aldridge,* No. 3:26-cv-00088, 2026 WL 447167, at *2 n.3 (S.D. W. Va. Feb. 17, 2026) (Chambers, J.) (same); *Izaguire Castillo v. Aldridge*, No. 3:26-cv-00104, 2026 WL 473353, at *2 n.6 (S.D. W. Va. Feb. 19, 2026) (Chambers, J.) (same); *Fernandez-Flores v. Aldridge,* No. 3:26-cv-00082, 2026 WL 483476, at *4 (S.D. W. Va. Feb. 20, 2026) (Chambers, J.) (same); *Sanchez v. Noem*, No. 3:26-cv-00067, 2026 WL 483475, at *4 n.5 (S.D. W. Va. Feb. 20, 2026) (Chambers, J.) ("Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners.");

[11] *Aroca v. Mason*, No. 2:26-cv-00057, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Judicial responses have been remarkably consistent: the Government's arguments have been repeatedly rejected as incompatible with established law."); *Urquilla-Ramos v. Trump*, No. 2:26-cv-00066, 2026 WL 475069, at *16 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.) ("I have previously addressed at length which statutory framework governs detention of persons arrested in the interior of the United States."); *Abdugafforov v. Mason*, No. 2:26-cv-00092, 2026 WL 474000, at *3 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.) (noting that the Government's arguments have "already been carefully analyzed and resolved by this court," and the "reasoning in those cases applies with equal force here"); *Uulu v. Mason*, No. 2:26-cv-00074, 2026 WL 475127, at *3 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.) (same); *Fredy Nahun Sanchez Martinez v. Mason*, No. 2:26-cv-00110, [ECF No. 20, at 4] (S.D. W. Va. Feb. 23, 2026) (Goodwin, J.) (The Government's "arguments were previously considered and rejected, and" the Government could not offer any "materially distinguishable facts . . . in this case.").

instructed Counsel for the Government to notify his clients and superiors in the United States Attorney's Office that the court would no longer tolerate the continued violation of the law in this district. Later that day Counsel confirmed to the court that he had relayed that message.[12] And at another show cause hearing in front of the Honorable Irene C. Berger, the Government confirmed that ICE was indeed aware of the opinions of this district.

But the court finds itself—once again—facing the same arguments about substantially similar petitioners. And the Government concedes that the court's previous rulings decide this case.[13] The court then is left with few options to ensure compliance with its orders.

V.  ENFORCEMENT OF CONSTITUIONAL RULINGS AND REMEDIES

This court and other judges in this district have now ruled in numerous cases that discretionary detention without individualized custody determinations violates the Fifth Amendment's Due Process Clause. In each case, the Government has presented no factual dispute and no legal argument beyond those this court has previously rejected.[14] The Government appears solely to preserve appellate objections while continuing identical unconstitutional practices.

The Government admitted to Judge Berger that it had no intention of changing its practice. She wrote: "counsel for the Respondents indicated, in response to the Court's inquiry, that the

---

[12] I note that counsel for the Government has been responsive and professional before this court. In the Government's briefing it is clear to me that the *attorneys* are aware of the law of this district and how it affects the Government's argument. The problem lies in the attorneys' *clients*, federal government actors, who have offered no evidence that they have seen or even care about the legal rulings of this district. The disregard for the law shames every hard working public servant who toils for the benefit of the country and its people.

[13] The American Bar Association's Model Rules of Professional Conduct govern the bringing of "Meritorious Claims & Contentions." Model Rules of Pro. Conduct r. 3.1 (A.B.A.). It states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." *Id.* Here, the Government asserts an argument that has been unanimously rejected in this district, and the Government concedes that previous cases are substantially similar enough to answer present cases.

[14] In fact, the quality of the responses has diminished. *See Rodriguez v. Mason*, No. 2:26-cv-00122, 2026 WL 510426, at *2 n.3 (S.D. W. Va. Feb. 24, 2026) (Berger, J.) ("This sloppiness further validates the Court's concerns about the procedures utilized by the Respondents depriving people present in the United States of their liberty.").

Respondents intend to continue to arrest and detain people in this district under the same circumstances and based on the same legal justifications that all four district judges to address the matter have found to be illegal and unconstitutional. The Court has previously prohibited re-arrest and detention absent a significant change in circumstances to justify detention. The Court concurs with the Petitioners that the language previously used provides inadequate protection due to the Respondents' lack of respect for the law." *Barcarcel Perez v. Mason*, No. 2:26-cv-00108, 2026 WL 508816, at *1 n.1 (S.D. W. Va. Feb. 20, 2026).

The holdings in those cases, particularly the constitutional interpretations, are not passing observations. They are constitutional rulings, and they govern the conduct of federal officers operating within the jurisdiction of this court.

Constitutional rulings of federal district courts are not advisory opinions. They are binding law within this jurisdiction unless and until reversed. Government officials—federal and state—subject to this court's jurisdiction are required to conform their conduct to this court's constitutional rulings. This court possesses inherent authority to enforce its constitutional determinations and will not permit systematic violations to continue while awaiting appellate resolution.

Once a federal court has declared particular conduct unconstitutional, the court possesses equitable authority to prevent the same defendants from engaging in the same unconstitutional conduct again. That authority rests not on judicial innovation but on the necessity of making constitutional judgments effective. A constitutional ruling cannot be reduced to a temporary directive that must be relitigated each time the same conduct recurs.

If officials could repeat practices already determined to be unconstitutional and require each affected person to begin anew, constitutional adjudication would become provisional, and

judicial power would be reduced to commentary. The Constitution does not contemplate violations in installments.

This court will not permit constitutional violations to proceed piecemeal while officials await appellate reversal of rulings they are presently bound to obey. If systematic violations continue despite repeated judicial findings of unconstitutionality, this court will employ the full range of its inherent authority, including (1) injunctive relief prohibiting detention without individualized custody determinations, (2) contempt proceedings against officials who defy this court's orders or constitutional rulings, (3) monetary sanctions against responsible officials, and (4) any other such other relief as may be necessary to vindicate constitutional rights and enforce this Court's rulings.[15]

The Constitution requires immediate compliance with judicial determinations, not continuation of violations pending appeal.

## VI.   FINAL NOTICE

This Order serves as explicit notice to all officials—state and federal—involved in the detention of individuals whose cases come before this court.

Continued detention without individualized custody determinations, after this court's repeated holdings that such detention violates the Fifth Amendment, will result in legal consequences. For state jail officials, those consequences include personal civil liability without qualified immunity protection. For federal officials, those consequences include exercise of this court's full inherent authority to enforce constitutional compliance including contempt.

---

[15] I note that SCRJ accepts physical custody of the immigrant petitioners under circumstances and practices already declared unconstitutional by this court and judges in this district. Jail officials act pursuant to state law, and under color of state law, are depriving each of these petitioners their right to liberty, a clearly established constitutional right. After this court's and this district's multitude of rulings, state officials are clearly on notice, and the petitioners' liberty interests have clearly been established.

Officials who believe this court has erred in its constitutional analysis may seek stay of this court's orders pending appeal or pursue appellate review. What they may not do is continue systematic constitutional violations while preserving appellate objections and expecting this court to grant relief in case after case without enforcing its rulings.

This court will enforce the Constitution.

## VII.   CONCLUSION

Therefore, the Government's Motion to Dismiss, **[ECF No. 16-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**. Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY.** Respondents are **PROHIBITED** from re-arresting and detaining Petitioner absent significant change in circumstances to justify detention or subject to the determination of a neutral and detached decisionmaker. Respondents are **DIRECTED** to return all seized personal items of the Petitioners.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   February 27, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE